```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


LASHAWN POOLE, AIS # 202764,    :

     Plaintiff,                 :

vs.                             :   CIVIL ACTION 07-0676-WS-M

WAL-MART, et al.,               :

     Defendants.                :
```

REPORT AND RECOMMENDATION


Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice aa frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  Complaint (Doc. 6).

The complaint before the Court is an amended superseding complaint.  (Doc. 6).  However, the Court reviewed the entire file and considered information from other filings by Plaintiff, particularly his documents titled "Jurisdiction over Complaint" (Doc. 7), and "Affidavit of Lashawn Poole" (Doc. 18).  Plaintiff named as Defendants in the amended complaint, Anthony Meade and Daniel Payne, loss-prevention employees for Wal-Mart in Mobile, Alabama.  (Doc. 6 at 5&6).

On April 22, 2005, Plaintiff alleges that he concealed two cans of freon under his clothing (Doc. 18) while shopping in Wal-Mart.  When he exited Wal-Mart with them, he was attacked by Defendants who were "grabing[sic], pushing, choking as [he] fall[sic] to the ground."  (Doc. 6 at 4).  Plaintiff claims that he was dragged and had their knees put into his back.  (*Id.*).  Plaintiff asserts that Defendants used excessive force when they assaulted him.  (Doc. 6 at 5 & 6).  For relief, Plaintiff would like to be granted "all damages."  (Doc. 6 at 7).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*  Judges are accorded "not only

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal*, 251 F.3d at 1348-49.

the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6))).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.* at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 1966 (second brackets in original).  "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient for grounds for entitlement to relief.  *Id.* at 1959.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 127 S.Ct. 910, 920-21 (2007).

III.  <u>Discussion</u>.

This action is the second action that Plaintiff filed in this Court over this incident. His first § 1983 action, *Poole v. Wal-Mart, et al.,* CA 07-0332-KD-M, was dismissed with prejudice as frivolous on August 27, 2007, for lack of state action because Defendants Meade and Payne did not act under color of state law.

Even though Plaintiff's first action was dismissed as frivolous, Plaintiff elected to file this § 1983 action on the same incident and against the same Defendants on September 24, 2007, which is shortly after his first action was dismissed. However, the incident at issue in both actions occurred on April 22, 2005. The date of filing for the present action puts the present action in a different posture than the first action for screening purposes, and thereby provides an additional ground upon which the present action can be dismissed - the two-year statute of limitations.

The Court finds that the claims concerning Defendants Meade and Payne accrued when Plaintiff was allegedly assaulted on April 22, 2005. (Doc. 6). Under federal law, "[accrual occurs] when the plaintiff has 'a complete and present cause of action'" . . . "'that is, when plaintiff can file suit and obtain relief.'" *Wallace v. Kato,* 127 S.Ct. 1091, 1095 (2007) (quotations omitted). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at

1097 (quotation omitted).  In the present action, Plaintiff could have filed a § 1983 action based on the assault almost immediately after its occurrence because a cause of action would have been complete against Defendants Meade and Payne at that time.

Considering that a § 1983 action is described as a constitutional tort action, a state's statute of limitations for personal injury actions is borrowed for the statute of limitations in a § 1983 action.  *Wallace,* 127 S.Ct. at 1094.  In Alabama the statute of limitations for a § 1983 action is two years.  *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). However, this action was filed on September 24, 2007.  (Doc. 1). Whereas, Plaintiff's claim accrued on April 22, 2005, when he was allegedly assaulted.  Thus, Plaintiff's claims against these two Defendants accrued more than two years before the filing of this action.  Accordingly, Plaintiff's claims against Defendants Meade and Payne are barred from proceeding in this action by the two-year statute of limitations.

    IV.   <u>Conclusion</u>.

Based upon the foregoing reasons, this action is due to be dismissed as frivolous.  *Clark v. Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a

claim, the claim may be dismissed as frivolous); *cf. Bock,* 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

6

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 11th day of April, 2008.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE